IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-22076-Rdd |
| | ) | |
| CRYSTAL GLASS SERVICES R.E. INC., | ) | Chapter 11 |
| | ) | |
| _____Debtor._____ | ) | Doc. No. |
| METALEX, INC., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRYSTAL GLASS SERVICES R.E. INC. | ) | |
| and Eshanul Habib, Esq., | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION TO DISQUALIFY DEBTOR'S COUNSEL

Metalex, Inc. ("Metalex"), by and through its counsel, Tucker Arensberg, P.C., files this

*Motion to Disqualify Debtor's Counsel* ("Motion"), and says as follows:

### Necessity for Expedited Hearing

1.      A Foreclosure Sale of 68 Runyon Avenue, Yonkers, New York 10710 (the "Real

Property") was scheduled for January 23, 2017 (the "Sale").  The Sale was stayed by the filing of

this bankruptcy case.

2.      A continued sale cannot take place until the earlier of an Order of Relief being

granted in favor of Metalex or the dismissal/conclusion of this case.

3.      Metalex reasonably believes that the arguments contained in this Motion are valid

and the relief requested is likely to be granted.

4.      Metalex will suffer irreparable harm if the relief requested herein is not granted as

soon as possible, as the Real Property will continue to decline in value while waiting to go to

sale and therefore intends to file a Motion for Relief in the coming days.

5.      Due to the nature of the conflict outlined herein, Metalex on behalf of itself and other similarly situated parties in interest respectfully requests that this matter to be heard on an expedited basis.

## Jurisdiction and Venue

6.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §157.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      Movant seeks relief pursuant to 11 U.S.C. §327.

## Factual and Procedural History

9.      Metalex is a secured creditor of Debtor, Crystal Glass Services R.E. Inc., pursuant to a Promissory Note dated April 24, 2013, in the principal amount of $50,000.00 ("Note"). A copy of the Note is attached hereto as Exhibit "A".

10.      To secure the obligations due under the Note, Debtor executed and delivered to Metalex a Mortgage covering the Real Property dated April 24, 2013, and recorded with the Office of the Westchester County Clerk on May 10, 2013, at Control No. 531163367 ("Mortgage"). Pursuant to the Mortgage, Debtor granted to Metalex a lien on the Real Property. A copy of the Mortgage is attached hereto as Exhibit "B".

11.      The Note is further secured by a security interest in all personal property of the Debtor as evidenced by the UCC Financing Statement in favor of Metalex filed with the New York State Secretary of State at Filing # 170120 on April 29, 2013 (the "Financing Statement"). A copy of the Financing Statement is attached hereto as Exhibit "C".

12.      Debtor defaulted on, and remains in default of, its obligations due under the Note by failing to make payments when due.

13.     Metalex commenced foreclosure proceedings relative to the Note and Mortgage on July 11, 2014, by filing its *Complaint and Summons*, docketed in the Supreme Court of the State of New York, County of Westchester at Index No. 060575/2014 (the "Foreclosure Action").

14.     On November 16, 2016, the Supreme Court of the State of New York, County of Westchester (the "Supreme Court") entered its *Judgment of Foreclosure and Sale* in the Foreclosure Action in the amount of $81,043.00, plus costs of $1,504.85, plus ongoing interest. Thereafter, an auction was set for the Real Property for January 23, 2017 (the "Sale").

15.     On January 6, 2017, nearly two and a half years after the commencement of the case, and fifty-one (51) days following the entry of judgment, Attorney Ehsanul Habib entered his appearance in the Foreclosure Action on behalf of Debtor.  A copy of the appearance in the Foreclosure Action for Debtor is attached hereto as Exhibit "D".

16.     Shortly after Attorney Habib entered his appearance for the Debtor in the Foreclosure Action, counsel for Metalex had a phone conversation with Attorney Habib wherein Attorney Habib advised Metalex's counsel that he had inadvertently entered his appearance for Crystal Glass when in fact he intended to enter his appearance for M.R. Glass.

17.     Counsel for Metalex assumed Attorney Habib made an innocent error in his filing of the appearance as Attorney Habib explained that he in fact represented unrelated third party who was a tenant at the Real Property.  For approximately two (2) weeks, counsel for Metalex engaged in good faith to explore mutually acceptable ways to preserve the interests of Metalex and M.R. Glass.

18.     On January 9, 2017, Attorney Habib filed an amended entry of appearance, averring that he represented 75 M.R. Glass Inc., an interested party ("M.R. Glass"). A copy of the appearance for M.R. Glass is attached hereto as Exhibit "E".

19.     Undersigned counsel in good faith, attempted in mid-January to obtain information from Attorney Habib related to M.R. Glass' interest in the Real Property, their contact with the Debtor or its principal James Harte, and to negotiate an adjournment of the Sale in exchange for certain payment to Metalex so as to protect M.R. Glass' interests. The undersigned counsel was unsuccessful in its endeavors and began to grow skeptical of nature of M.R. Glass' interests

20.     On the morning of January 20, 2017, the undersigned counsel along with Metalex representatives traveled to the Real Property to inspect its current state and to see what evidence of tenancy by M.R. Glass or anyone else was present.  After spending time at the Real Property it became evident that the premises were unoccupied for some time and there was no evidence whatsoever of M.R. Glass occupying the Real Property.

21.     On January 20, 2017, Attorney Habib filed an Order To Show Cause for M.R. Glass which, averred, *inter alia,* that M.R. Glass paid considerable sums of money to the Debtor in connection with an unrecorded rent-to-own agreement between the Debtor and M.R. Glass and sought to stay the Sale.  A copy of the Order to Show Cause is attached hereto as Exhibit "F".

22.     On January 20, 2017, following oral argument before the Honorable Orazio R. Bellantoni**,** the Supreme Court entered the *Order to Show Cause to Stay Auction of Subject Property* (the "OTSC") by which the Supreme Court set a hearing on the allegations raised by

Attorney Habib for February 8, 2017, but in which the Supreme Court obliterated the language staying the Sale. A copy of the otsc is attached hereto as Exhibit "G".

23. During oral argument, Attorney Habib attempted to advance the interests of M.R. Glass in an effort to stay the Sale. Attorney Habib appeared alone with no representative of M.R. Glass present in the courtroom. Judge Bellantoni was not persuaded by the arguments and did not stay the Sale.

24. Prior to the Order to Show Cause having been filed, the undersigned counsel and Attorney Habib had scheduled a meeting with Corporation Counsel for the City of Yonkers and our respective clients to discuss the tax lien interests of the City of Yonkers. That meeting was scheduled to occur at 12:30 pm on January 20, 2017.

25. After the hearing on the Order to Show Cause, the undersigned counsel asked Attorney Habib if he still planned to attend the meeting with the City of Yonkers. Attorney Habib advised counsel that he saw no reason to attend but that "his client would be there".

26. The meeting with the City of Yonkers occurred as scheduled and despite assurance from Attorney Habib that a representative from M.R. Glass would be present, no one appeared.

27. On the very next day, January 21, 2017, Attorney Habib; despite entering his appearance on behalf of a party with an adverse interest to Debtor in the Foreclosure Action, filed a Voluntary Petition for Debtor under chapter 11 of the Bankruptcy Code.

28. Within minutes of receiving Notice of the Bankruptcy filing, the undersigned counsel sent an email to Attorney Habib requesting that he contact the undersigned to immediately discuss the Debtor's bankruptcy filing and his representation of the Debtor due to perceived ethical issues. A copy of the email is attached hereto as Exhibit "H".

29.     To date, Attorney Habib has not reached out to the undersigned counsel.

Upon information and belief, Attorney Habib on behalf of his respective clients, M.R. Glass **AND** the Debtor, are advancing unethical legal postures in a scheme to thwart Metalex's foreclosure action and to hinder the rights of other creditors.

30.     It is noteworthy that as of the filing of this Motion, Debtor's counsel has yet to file an Application for Retention, nor have there been any first day motions filed.  Respectfully, this conduct is further evidence of the frivolous nature of this bankruptcy filing by the Debtor and Attorney Habib.

## The Bankruptcy

31.     On January 21, 2017, Attorney Habib filed this chapter 11 bankruptcy case under title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on behalf of Debtor, (the "Bankruptcy Filing").

32.     Debtor's Petition indicates that this matter is a single asset real estate case with the only asset being the Real Property.

33.     As previously noted, Attorney Habib also represents M.R. Glass, who is allegedly in possession of the Real Property and has a potentially unsecured claim against the Debtor for substantial sums paid pursuant to the rent-to-own agreement.

## Argument

34.     Under the New York rules of professional conduct, a lawyer generally cannot simultaneously serve clients with conflicting interests.  *In Re Caldor, Inc*. 193 B.R. 165, 178 (Bankr.S.D.N.Y. 1996).

35.     The New York rules of professional conduct provide that a lawyer shall not represent a client if a reasonable lawyer would conclude that the representation will involve the lawyer in representing differing interests. NY ST RPC Rule 1.7(a) (McKinney).

36.     A lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing. NY ST RPC Rule 1.7(b) (McKinney).

37.     An attorney retained in a bankruptcy proceeding must meet the requirement of under Section 327 of the Code, that professionals for debtors in possession must be "disinterested" and have no "materially adverse interest" to the estate.  11 U.S.C. § 327 (2006).

38.     The structure of the Bankruptcy Code distills these dual requirements into a single test for analysis of a conflict of interest. *In re MF Global Inc*., 464 B.R. 594, 600 (Bankr. S.D.N.Y. 2011).

39.     The Second Circuit has defined "adverse interest" to mean: "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate." *Id.* (citing *Bank Brussels Lambert v. Coan* (*In re AroChem Corp.)* 176 F.3d 610, 623 (2d Cir. 1999)).

40.     The key question is "whether an attorney has meaningful incentive to act contrary to the best interests of the estate." *In re Leslie Fay Companies*, 175 B.R. 525, 532 (S.D.N.Y. 1994).

41.     The Court in *Leslie Fay* explained that "if it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without the other representation, then they have a conflict and an interest adverse to the estate." *Id.*

42.     Attorney Habib's representation of the Debtor and M.R. Glass is in violation of NY ST RPC Rule 1.7(b)(3) because in his representation of M.R. Glass in the Foreclosure Action, he asserted claims against the Debtor, who he now seeks to represent in this Bankruptcy Filing.

43.     It is plausible that the representation of Attorney Habib for M.R. Glass in the Foreclosure Action against the Debtor may cause him, as the Debtor's attorney, to act differently than he would if he did not represent M.R. Glass in the Foreclosure Action.

44.     Attorney Habib's representation of M.R. Glass provides him with an incentive to favor one creditor over another.

45.     Attorney Habib's representation of the Debtor in the Bankruptcy Filing will stay the Sale of the Real Property, thereby allowing the Real Property decrease in value at the peril of M.R. Glass as an unsecured creditor and also at the peril of Metalex as a secured creditor.

46.     Upon information and belief, Attorney Habib's conflict is a disabling conflict of interest and not subject to waiver; however, it is unlikely that Attorney Habib sought the consent of his clients to waive the conflict.

47.     Further, Attorney Habib made misleading statements regarding the whereabouts of the Debtor's principal James R. Harte to the undersigned counsel leading up to the Bankruptcy Filing which thwarted negotiations to resolve the matter.

48.     Contemporaneously with the filing of this Motion, Metalex intends to file a Motion for Sanctions against Attorney Habib and M.R. Glass in the Foreclosure Action as his actions have resulted in considerable expense being incurred by Metalex due to the frivolous conduct of M.R. Glass and Attorney Habib when viewed in light of the assertions made in this Motion.

49.     Counsel has provided notice of this Motion to the Office of the United States Trustee.

50.     Lastly, Metalex respectfully requests that the Court direct Attorney Habib to provide copies of his engagement letters with both M.R. Glass and the Debtor prior to the hearing on this Motion and to order that the corporate representatives of both M.R. Glass and the Debtor appear before the Court.

WHEREFORE, based on the foregoing, Metalex, Inc. respectfully requests that this Honorable Court (i) enter an Order of Court disqualifying the Debtor's attorney in the above bankruptcy case, (ii) directing Attorney Habib to file with the Court copies of his engagement letters with both M.R. Glass and the Debtor, (iii) ordering that James R. Harte on behalf of the Debtor and Mohd M. Hoque on behalf of M.R. Glass appear before the Court, and (iv) grant any such other relief deemed just and proper.

Dated: <u>January 27, 2017</u>

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By: *<u>/s/ Jordan S. Blask, Esq.</u>*
Jordan S. Blask, Esq. (jb0725)
jblask@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212