```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:
                                                              Case No.  17-22076 (RDD)
CRYSTAL GLASS SERVICES R.E., INC.
                                                              Chapter 11
                       Debtor,
                                                              MOTION
---------------------------------------------------------x
```

**DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING THE SALE OF DEBTOR'S REAL PROPERTY PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F),(H) AND (M), 503 AND 507, OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9006 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 6004-1 OF THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND ADMINISTRATIVE GUIDELINE ORDER GM-331 FOR THE UNITED STATES BANKRUPTYCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK; (B) APPROVING THE CONTRACT OF SALE IN CONNECTION THEREWITH; (C) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS;(D) APPROVING THE FEES AND EXPENSES OF THE SALE; <u>AND (E) FOR SUCH OTHER AND FURTHER RELIEF THIS COURT DEEMS PROPER</u>**

TO:  THE HONORABLE JUDGE ROBERT D. DRAIN,
     UNITED STATES BANKRUPTCY JUDGE

**CRYSTAL GLASS SERVICES R.E., INC**., the debtor herein (the "Debtor"), by its attorneys, Bronson Law Offices, P.C. submits this motion (the "Motion") seeking entry of an order pursuant to §363(b), (f), (h) and (m) of the Bankruptcy Code and Rules, 2002, 6004, 6006, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure and 6004-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and Administrative Guideline Order GM-331 for the United States Bankruptcy Court for the Southern District of New York (i) authorizing the sale of the Debtor's real property located at 68 Runyon Ave., Yonkers, New York (the "Property") to CGSRE ACQUISITION CORP. ("Purchaser") free and clear of any and all claims, liens, encumbrances and other interests; (ii) approving the contract of sale for the

Property; (iii) authorizing the distribution of sale proceeds to the secured parties, in the order of priority; and (iv) distribution of proceeds to any remaining creditors.

In support of the relief sought, the Debtor respectfully represents:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §363(b), (f),(h) and (m).

## BACKGROUND

4. On January 21, 2017 (the "Filing Date"), the Debtor filed a chapter 11 petition pursuant to the Bankruptcy Code.

5. The Debtor owns the Property (**Exhibit A-Deed**) subject to (i) a loan of approximately $151,055.33 owed to Metalex, Inc. (the "Secured Lender") (**Exhibit B-Payoff letter**), (ii) property taxes owed to the City of Yonkers in the amount of approximately $200,368, (iii) New York State has claimed unsecured debt (priority and general) of approximately $29,260.19 (**Exhibit C-Proof of Claims**) relating to unpaid franchise tax and Charles N. Josephson and Rochelle Josephson ("Josephson") holds a lien on the Property for an amount equal to approximately $50,000.

6. Debtor's corporate status was dissolved by proclamation in 2010 (**Exhibit D-Secretary of State Corporate Status**).

2

7.      Debtor is attempting to reinstate its corporate charter and believes that such reinstatement can be done; however, it could take more than a month for New York State to complete its process to reinstate.

8.      Debtor has come up with the alternative of selling the Property to CGSRE Acquisition Corp. ("CGSRE" or "Purchaser") a special purpose entity owned by Debtor's principal and sole shareholder Jim Harte. (**Exhibit E-Contract of Sale**)

9.      Debtor has obtained a commitment for a loan from Equity Lending Inc. ("Equity Lending") (**Exhibit F-Commitment Letter),** which contemplates either a loan to Debtor or a new entity.

10.     Under New York Corporate Law while a dissolved corporation cannot transact business, it can sell property to wind up its business. *Long Oil Heat, Inc. v. Polsinelli,* 128 A.D. 3d 1296, 11 N.Y.S. 3d 277, 2015 N.Y. Slip Op 4542 (N.Y. App. Div., 2015).[1] *See In re: Artura*, 230 B.R. 236 (Bankr. E.D.N.Y., 1999); In re 234-6 West 22nd St. Corp., 214 B.R. 751 (Bankr. S.D.N.Y., 1997).

11.     Debtor desires to sell the Property and payoff its secured debts and other debts from the proceeds of sale. While this sale is to an affiliated entity it is being done to

---

[1] "Business Corporation Law § 1005(a)(1) provides, in relevant part, that, following dissolution, "[t]he corporation shall carry on no business except for the purpose of winding up its affairs." Winding up, in turn, is defined as "the performance of acts directed toward the liquidation of the corporation, including the collection and sale of corporate assets" (*Matter of 172 E. 122 St. Tenants Assn. v. Schwarz,* 73 N.Y.2d 340, 349, 540 N.Y.S.2d 420, 537 N.E.2d 1281 [1989] ; *see* Business Corporation Law § 1005[a][2] ; *Harris v. Stony Clove Lake Acres,* 221 A.D.2d 833, 833, 633 N.Y.S.2d 691 [1995] ). Notably, a dissolved corporation is precluded from engaging in new business (*see Calabrese Bakeries, Inc. v. Rockland Bakery, Inc.,* 102 A.D.3d 1033, 1035 n. 6, 960 N.Y.S.2d 514 [2013] ; *Moran Enters., Inc. v. Hurst,* 66 A.D.3d 972, 975, 888 N.Y.S.2d 109 [2009] ) and "has no existence, either de jure or de facto, except for a limited de jure existence for the sole purpose of winding up its affairs" (*Lodato v. Greyhawk N. Am., LLC,* 39 A.D.3d 496, 497, 834 N.Y.S.2d 237 [2007] ; *see 80–02 Leasehold, LLC v. CM Realty Holdings Corp.,* 123 A.D.3d 872, 873–874, 999 N.Y.S.2d 158 [2014] )" Id.

avoid an imminent foreclosure sale and the sale proceeds will be sufficient to pay all of the Debtor's debts.

12. The purchase price is $500,000.

## RELIEF REQUESTED AND BASIS THEREFOR

### A. Justification for a Private Sale

13. The Debtor requests that the Property be sold through a private sale. The Debtor believes that conducting the sale through a private sale is in the best interest of the estate rather than conducting the sale through a public auction. A quick sale will maximize the value of the estate repaying the lender that is foreclosing on Debtor. The tentative closing date is five days after bankruptcy court approval. While Section 363 sales are often conducted under competitive bidding procedures, there is no requirement in Section 363 of the Bankruptcy Code to do so. Bankruptcy Rule 6004(f) specifically contemplates private sales with the statement that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction".

14. Private sales may be appropriate under Section 363 in circumstances similar to the instant case. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion to conduct public or private sales of estate property."); *Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship* (*In re Woodscape Ltd. P'ship*), 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that with respect to sales of estate property pursuant to section 363 of the Bankruptcy Code, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction").

4

15. Accordingly, courts may approve private sales of assets where the standards for approval under Section 363 of the Bankruptcy Code are satisfied. *See, e.g., In re: Dewey & Leboeuf, Case No.:12-12321* (Bankr. S.D.N.Y. Nov. 1, 2012) (private sale authorized); and *In re Wellman, Inc*., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2009) (order approving the sales of one of the debtors' facilities by private sale, not subject to higher and better offers). In the instant case, the private sale is contemplated to pay the Lender

16. The Debtor believes that the proceeds of sale will be sufficient to pay all the secured debt in full as well as any unsecured debt.

17. While the Debtor is directly related to the Purchaser, since all debts of Debtor will be paid or reserved for, such relationship should not disqualify the sale.

18. The Debtor believes that by selling the Property it will be able to pay its creditors in full.

**B. The Contract of Sale**

19. Pursuant to the Contract of Sale, Purchaser shall acquire, and the Debtor shall convey to Purchaser all of the right, title and interest that Debtor possesses as of the closing in and to Property, free and clear of all liens and liabilities pursuant to Sections 363(b) and (f) of the Bankruptcy Code and Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure with such liens and liabilities to attach to the proceeds of the sale of the Property.

20. Except as expressly permitted or otherwise specifically provided for in the Contract of Sale, all persons and entities asserting liabilities of any kind against the Debtor or the Property prior to the Closing Date (as defined in the Contract of Sale), shall

5

be forever barred from asserting such liabilities against Purchaser, its successors or assigns, its property, or the Property.

21.     In consideration of the sale of the Property covered by the Contract of Sale, Purchaser will pay the purchase price of $500,000 (the "Purchase Price"). The Purchase Price, subject to closing costs and adjustments, will be paid by Purchaser via certified funds or wire transfer at closing

**C. Debtor's Sale Pursuant to Bankruptcy Code §§ 363(b) and (f) is Appropriate**

22.     Section 363(b) of the Bankruptcy Code provides, in pertinent part, that the Debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate". 11 U.S.C. §363(b)(1).  As the sale of the Property is out of the ordinary course of business, it requires Bankruptcy Court approval.

23.     Section 363 of the Bankruptcy Code does not set forth an express standard for determining whether a sale of property under Section 363(b) of the Bankruptcy Code should be approved.  Courts have interpreted this section using an "articulated business judgment" standard. *See*, *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Ionosphere Clubs, Inc*., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

24.     The Court of Appeals for the Second Circuit first enunciated this standard by stating: "The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such application." *Lionel*, 722 F.2d at 1070-71.

25.     Section 363(b) does not require that the Court substitute its business judgment for that of the Debtor.   Rather, the Court should ascertain whether a debtor has articulated a valid business justification for the proposed transaction. This is consistent with "the broad authority to operate the business of the Debtor . . .[which] indicates

6

congressional intent to limit Court involvement in business decisions by a Trustee . . . [so that] a Court may not interfere with a reasonable business decision made in good faith by a Trustee". *In re Airlift Int'l, Inc.*, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982).

26.     Other courts have approved sales of a debtor's assets under §363(b)(1) of the Bankruptcy Code when (i) the sale is supported by the sound business judgment of the debtor's management; (ii) interested parties are provided with adequate and reasonable notice; (iii) the sale price is fair and reasonable; and (iv) the purchaser has acted in good faith. *See*, *e.g., In re Betty Owens Schools, Inc.*, WL 188127 at *4 (S.D.N.Y. 1997).

27.     A quick sale of the Property will prevent foreclosure on the Property and the concomitant loss of assets to the Debtor and its estate.

28.     The Debtor while related to the Purchaser (same owners) is required to take the sale measures set forth herein because the Debtor's corporate charter can not be reinstated in time for a direct financing with Debtor.

**D.  The Debtor Has Exercised Sound Business Judgment and the Sale Price is Fair and Reasonable**

29.     The Debtor believes that the sale to the Purchaser represents a prudent and proper exercise of its business judgment and is supported by articulated business reasons because, absent such a sale (1) the Debtor's Property would be sold in a foreclosure sale; and (2) Debtor would lose a considerable amount of value in such a sale, as well as loss of use of the Property.

**E.  Asset Sale Free and Clear of Encumbrances**

30.     In addition to seeking approval of the sale of the Property outside of the ordinary course of business, the Debtor seeks approval to sell the Property free and clear of any and all liens, claims or encumbrances in accordance with Section 363(f) of the

Bankruptcy Code, with such liens and liabilities to attach to the proceeds of the sale of the Property. While all debts of the Debtor are expected to be paid from the sale proceeds, the lender needs the assurance that it has a secured first lien position on the Property. The Purchaser will guarantee any further debts of the Debtor that may arise that are not paid at closing.

31. A debtor-in-possession may sell property, pursuant to Sections 363(b) and 363(f), free and clear of any interest in such property of an entity other than the estate if one of the following conditions are satisfied:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. §363(f).

It is submitted that number three above applies to the instant proposed sale. All secured creditors will be paid in full and Debtor has received either a payoff letter or proof of claim for each secured debt and will reserve for all known unsecured debts that are not paid at closing. Accordingly, the Debtor is entitled, pursuant to Section 363(f) to sell the Property free and clear of all liens, claims and encumbrances.

### REQUEST FOR AUTHORIZATION TO PAY SALE PROCEEDS FOR REASONABLE AND NECESSARY TRANSFER AND CLOSING COSTS

32. The Debtor proposes to distribute the proceeds of the sale, in the total amount of $500,000 as follows:

8

**First to:**

    a. Metalex in the amount of $151.055.53 plus $24.93 per diem from August 23, 2017.

    b. County of Yonkers in the amount of approximately $200,368.81 plus amounts accrued since the Petition Date.

    c. Josephson in the amount of approximately $50,000.

    d. New York State tax liability will be reserved for in the total amount of $29,260.19 (subject to decrease upon actual filing of franchise taxes).

    e. $25,000 will be reserved for professional fees and costs.

    f. The balance will be reserved by the Debtor pending the bar date which is currently scheduled to be set for October 16, 2017.

33. Either Counsel for the Debtor or a reputable title company, shall act as disbursement agent for Debtor to the extent necessary and will hold all funds not distributed at the closing of the sale of the Property in escrow. Funds will be disbursed from this escrow account to the parties set forth above (to the extent they are not paid at closing).

## **NOTICE**

34. Notice of hearing shall be provided by first class mail to (a) counsel for the Secured Lender; (b) the City of Yonkers; (c) the State of New York; (d) Josephson; (e) all creditors; (f) all parties and taxing authorities that have filed notices of appearance; (g) all parties that have filed a notice of appearance; and (h) the Office of the United States Trustee. The Notice of Hearing, Motion and exhibits will be provided to the Senior Lender, the City of Yonkers, the State of New York, Josephson and any party requesting a copy from the undersigned counsel. The Debtor respectfully submits that such notice is

good and sufficient under the circumstances, and satisfies the requirements of Bankruptcy Rules 2002, 6004, and 6006.

35. Debtor requests waiver of the 14 days stay of order authorizing use, sale or lease of property, in accordance with the Federal Rules of Bankruptcy Section 6004(h).

36. A proposed sale approval order is annexed hereto.

**WHEREFORE**, the Debtor seeks the entry of an order authorizing the Debtor to (i) sell the Property on his behalf and the co-owner's behalf free and clear of any and all claims, liens, encumbrances and other interests, (ii) distribute the sale proceeds as set forth in the Motion, and (iii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: Harrison, NY
September 5, 2017                                    Bronson Law Offices, P.C.

                                        By:    */s/ H. Bruce Bronson*
                                               H. Bruce Bronson, Esq.
                                               480 Mamaroneck Avenue
                                               Harrison, NY 10528
                                               Ph: 914-269-2530