H. Bruce Bronson, Jr.
Counsel to Debtor and Debtor in Possession
Bronson Law Offices, P.C.
480 Mamaroneck Avenue
Harrison, NY 10528
914-269-2530 (tel); 888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   **CHAPTER 11**

  **CASE NO.: 17-22076**

**CRYSTAL GLASS SERVICES RE, INC.,**

                                      Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# **CHAPTER 11 SMALL BUSINESS PLAN**

.

## PLAN OF REORGANIZATION

**CRYSTAL GLASS SERVICES RE, INC**., debtor and debtor-in-possession ("Debtor"), hereby proposes this plan of reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the Code"). Capitalized terms used in the Plan shall have the respective meanings set forth in Article I below, or as such terms may be defined elsewhere in the Plan.

The Debtor reserves the right to amend this Plan up to and through its approval.

## SUMMARY

This Plan contemplates payment in full of all creditors with valid undisputed claims on either of the following terms (i) pursuant to the terms of the agreement between the Debtor and the creditor if any or (ii) payment in full on the Effective Date.

The Plan provides for four classes of claimants: Priority Claims, Secured Claims, Unsecured Claims and Equity Interest holders. There are no impaired classes under the Plan. As such, creditors are not entitled to vote on the Plan. **Because no creditors are impaired, creditors are not entitled to vote, and a Disclosure Statement is not required.**

All creditors and holders of Equity Interests should refer to Articles III through V of the Plan for information regarding the precise treatment of their Claims. Because no creditors will be impaired under the Plan, a disclosure statement is not necessary and does not accompany the Plan and Creditors will not be entitled to vote.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## ARTICLE I

**Definitions**

"**Administrative Claim**" means a Claim of the type described in section 503(b) of the Code and any fees and charges assessed against the estate under title 28 United States Code.

"**Allowed**" when used in reference to a Claim, means a Claim, or any portion thereof, (a) that is a Scheduled Claim, which is not disputed, and which has not been or will not be the subject of a timely objection by any party in interest, (b) for which a proof of claim has been filed with the clerk of the Court on or before the date designated by the Court for the filing of such Claim, which Claim

has not been nor will not be the subject of a timely objection by the Debtor or any other party in interest or (c) that is allowed pursuant to a Final Order.

"**Assets**" means all, or a portion, of the property of the Debtor's estate as defined in Section 541 of the Code.

"**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended from time to time.

"**Business Day**" means any day except Saturday, Sunday or a holiday on which commercial banks in New York City are authorized to close.

"**Cash**" means cash or cash equivalent (a) of the Reorganized Debtor on hand as of the Effective Date, or (b) realized from the sale of Debtor's assets.

"**Claim(s)**" means a claim against the Debtor within the meaning of section 101(5) of the Code.

"**Class**" means a group of Claims which are substantially similar and are classified together pursuant to the Plan.

"**Code**" means the Bankruptcy Code, Title 11 U.S.C. Section 101 et. seq. as amended from time to time and applicable to this case.

"**Confirmation**" means confirmation of the Plan pursuant to section 1129 of the Code.

"**Confirmation Date**" means the date on which the Confirmation Order is entered.

"**Confirmation Order**" means the order of the Court confirming the Plan pursuant to section 1129 of the Code.

"**Court**" means the United States Bankruptcy Court for the Southern District of New York (or any other court with jurisdiction over the Debtor's chapter 11 case).

"**Disputed**" means, when referring to a Claim, a Claim that is, or has been, the subject of an objection by the Debtor or any party in interest and has not been Allowed.

"**Effective Date**" means the date the Confirmation Order becomes a Final Order.

"**Equity Interest(s)**" means a party holding the issued and outstanding common stock of the Debtor.

"**Equity Interest Holder**" means Jim Harte, an individual, or his successors or assigns.

"**Filing Date**" means January 21, 2017, the date the Debtor filed for chapter 11 relief.

"**Final Order**" means an order of the Court which has not been reversed, stayed, modified or amended and as to which (a) any right to appeal or seek certiorari, review or rehearing has been

waived or (b) the time to appeal or seek certiorari, review or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending.

"**Lien**" means any mortgage, lien, pledge, charge, security interest or encumbrance of any kind with respect to an interest in property.

"**Priority Claim(s)**" means any Claim entitled to priority under section 507(a) of the Code including any tax Claim entitled to priority under section 507(a)(8).

"**Priority Tax Claim**" means all Claims that are entitle to priority pursuant to Code sections 502(i) and 507 (a)(8).

"**Reorganized Debtor**" means the Debtor on and after the Effective Date.

"**Scheduled Claim**" means a Claim that is listed by the Debtor in the Schedules, but is not listed therein as contingent, unliquidated or disputed and which has not been superseded by a proof of Claim filed timely with the clerk of the Court.

"**Schedules**" means the schedules of assets and liabilities filed by the Debtor with the clerk of the Court pursuant to Bankruptcy Rule 1007, as such schedules may be amended, modified and supplemented from time to time.

"**Secured Claim**" means any Claim secured by a Lien on the Assets.

"**Unsecured Claim(s)**" means any Claim excluding any Secured Claim, Priority Claim, and Administrative Claim.

All rules of construction contained in section 102 of the Code apply in the construction of the Plan.

## ARTICLE II

**Classification of Claims**

Pursuant to section 1123(a)(1) of the Code, all Claims (other than Administrative Claims) are placed in Classes.

**Class 1** – Claims of Secured Creditors against the Debtor.

Class 1 - Class 1 consists of the Claim of any Secured Claims against the Debtor.

**Class 2** - Priority Claims

Class 2: Class 2 consists of all Priority Claims against the Debtor, except Priority Tax Claims (which are addressed in Article IV of this Plan.

**Class 3** - Unsecured Claims

Class 3: Class 3 consists of all Unsecured Claims including the unsecured portion of any Secured Claim

**Class 4** - Equity Interest

Class 4: Class 4 consists of Equity Interests.

## ARTICLE III

**Treatment of Classes of Claims and Interests**

The treatment of Classes of Claims and the Interests under the Plan is as follows:

**Class 1** – There are no Secured Claims since they were paid pursuant to the Debtor's sale of property which occurred on or about September 27, 2017. If there were Secured Claims, the Debtor would continue to satisfy the liability owed to the holders as permitted under the requisite agreement(s) between the Debtor and any Secured Creditor. Because there are no Class One claims remaining, Class 1 is not impaired under the Plan.

**Class 2** - Allowed Class 2 Priority Claims shall be paid in cash, in full, on the Effective Date. Class 2 Claims are not impaired under the Plan. There are no Class 2 Priority Claims, (Priority Tax Claims are not included in Class 2 and are administered pursuant to Article IV below).

**Class 3** -Allowed Class 3 Claims (unsecured claims) shall be paid in cash, in full, on the Effective Date. Class 3 Claims are not impaired under the Plan. The only known Unsecured Claim is $3,500 payable to NYS Department of Taxation & Finance as set forth in its proof of claim POC #3. Since the proof of claim bar date has passed on October 16, 2017, and no other claims have been filed, and no other unsecured claims are set forth in the Schedules, no other Unsecured Claims will be paid.

**Class 4** -The holders of the Class 4 Claims shall retain their Equity Interest. The Class 4 Claims are not impaired under the Plan and are not entitled to vote. All Cash remaining after the payment of Administrative Claims, Priority Claims, Class 1, Class 2 and Class 3 claims, if any, shall be distributed to the Equity Interest Holder.

## ARTICLE IV

**Treatment of Administrative and Priority Tax Claims**

Allowed Administrative Claims arising from professional services rendered to the Debtor by its attorneys including the expenses of such attorneys shall be paid, in full, in cash, on the later of (a) the Effective Date or (b) the date on which such Administrative Claim is Allowed pursuant to a Final Order, unless the holder of such Allowed Administrative Claim has agreed to a less favorable treatment, or as otherwise agreed by the Administrative Claim holder. Administrative Claims

arising from the ordinary course of the Debtor's post-petition operations shall be paid on the Effective Date, or in accordance with the terms of such Administrative Claims, if later, unless the Holder of such Administrative Claim has agreed to a less favorable treatment.

Priority Tax Claims shall be paid in full in Cash on the Effective Date.

In addition, fees owed to the United States Trustee or other fees arising under the Code or in respect of the Debtor's chapter 11 case that are unpaid as of the Effective Date, if any, shall be paid, in full, in cash, on the Effective Date.

The Debtor's counsel, shall make all of the foregoing payments from funds that he is holding in escrow.

## ARTICLE V

**Means for Execution of the Plan**

Payments to creditors under the Plan will be made by the Debtor from (a) funds of the Reorganized Debtor on hand as of the Effective Date; and (b) funds realized from the sale of Debtor's assets.

Professional fees for services rendered by the Debtor's attorneys subsequent to the Effective Date in connection with the Plan or the Debtor's chapter 11 case, and reimbursement of expenses relating to such services, may be paid by the Debtor without prior Court approval.

**Allowance and Disallowance of Claims**

The Debtor may file an objection to a Claim up until 90 days after the Confirmation Date thereby causing the Claim to be a Disputed Claim. No distribution shall be made on account of a Disputed Claim unless all or a portion of such Claim is subsequently Allowed. After the Confirmation Date, the Debtor shall have the power and authority to settle and compromise a Disputed Claim without Court approval or compliance with Bankruptcy Rule 9019.

## ARTICLE VI

**Executory Contracts and Leases**

The Debtor has rejected the executory contract with 75 MR Glass Inc., and a release has been provided to Debtor. There are no other executory contracts or unexpired leases.

# ARTICLE VII

**Miscellaneous Matters**

**Modification** - The Debtor reserves the right to amend or modify the Plan to the full extent permitted by law.

**Payments** - Whenever any payment under the Plan shall be due on a day other than a Business Day, such payment shall be made on the next following Business Day. Partial pre-payments by the Debtor under the Plan shall be applied against the payments in the inverse order of their due date.

**Severability -** If any provision of this Plan is determined to be unenforceable, such determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**Binding Effect** - The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**Captions** - The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

**Operating Statements-**Subsequent to the effective date the Debtor shall file with the court post confirmation status reports detailing its progress for the final decree in the matter. Status reports shall be filed on or before 1/15, 4/15 7/15 and 10/15 of each year until a final decree is entered closing the case.

**Post Confirmation Management-**Jim Harte, the President of the Debtor, shall manage the affairs of Debtor after confirmation.

# ARTICLE VIII

**Retention of Jurisdiction**

The Court shall retain exclusive jurisdiction for the following purposes:

(1) to determine all objections to Claims;

(2) to permit amendments to the Schedules;

(3) to determine all Administrative Claims including, without limitation, applications for the allowance of compensation and reimbursement of expenses, provided that applications for allowance of compensation and reimbursement of expenses shall be filed no later than 60 days after the Confirmation Date;

(4) to estimate all Disputed Claims:

(5) to determine all applications and adversary proceedings pending on the Effective Date or filed or

commenced within 90 days thereafter;

(6) to determine all disputes concerning the interpretation of the Plan and to correct any defect, cure any omission, reconcile any inconsistency in the Plan;

(7) to enforce any orders entered in connection with the Debtor's chapter 11 case including the Confirmation Order;

(8) to enter such orders as may be necessary or appropriate in aid of Confirmation and to facilitate the Plan;

(9) to enter orders relating to the assumption or rejection of executory contracts and unexpired leases;

(10) to modify the Plan to the full extent permitted by the Code;

(11) to determine such other matters as may be provided for in the Confirmation Order;

(12) to enter an order converting or dismissing this case in the event of a default under the Plan; and

(13) to enter a Final Order closing the Debtor's chapter 11 case.

## ARTICLE IX

## DISCHARGE OF DEBTS

Debtor will not be discharged since the plan provides for the liquidation of all or substantially all of the property of the estate; the Debtor will not engage in business after consummation of the Plan; and the Debtor would not be entitled to a discharge under section 727(a) of the Code if the case were a case under chapter 7.

## ARTICLE X

## CLOSING THE CASE

**Bankruptcy Fees.**

All fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717, shall be paid through the date of the entry of a Final Decree, or conversion or dismissal of the Debtor's bankruptcy case, whichever is earlier.

**Post-Confirmation Reports**.

After Confirmation, the Debtor shall file quarterly status reports, and schedule such status

conferences as may be necessary until the case is closed. Within 14 days following the full administration of the estate, the Debtor shall file, on notice to the United States trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

Dated: Harrison, NY
October 18, 2017

/s/ H. Bruce Bronson
Counsel for the Debtor and Debtor in Possession

CRYSTAL GLASS SERVICES RE, INC.

By:/s/ Jim Harte
Jim Harte, President