| | |
|---|---|
| BRONSON LAW OFFICES PC<br>480 Mamaroneck Avenue<br>Harrison, NY 10528<br>914-269-2530<br>H. Bruce Bronson, Esq. | **HEARING DATE: November 22, 2017**<br>**HEARING TIME: 10:00 a.m.** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

**CRYSTAL GLASS SERVICES RE, INC.**

                      Debtor.

---------------------------------------------------------x

Case No. 17-22076 (RDD)

Chapter 11

# NOTICE OF MOTION
# FOR APPLICATION FOR (I) CONFIRMATION OF A CHAPTER 11 SMALL BUSINESS PLAN AND (II) FOR SUCH OTHER AND FURTHER RELIEF AS IS JUST AND PROPER

     PLEASE TAKE NOTICE that a hearing on the application of CRYSTAL GALSS SERVICES RE, INC., the debtor herein (the "Debtor"), by and through its counsel, BRONSON LAW OFFICES P.C., pursuant to Sections 1121 through 1129 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code"), to confirm its small business plan will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in his Courtroom at 300 Quarropas Street, White Plains, NY on November 22, 2017 at 10:00 a.m.

     PLEASE TAKE FURTHER NOTICE that a copy of the proposed order is annexed hereto. A copy of the underlying motion together with exhibits is available for viewing on the Bankruptcy Court website www.nysb.uscourts.gov and from the undersigned upon request.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief sought, must be in writing, comply with applicable law and rules and must be filed and served upon the undersigned, with a copy to the Office of the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, and the Bankruptcy Judge's Chambers seven (7) days prior to the hearing. If no objections are interposed, an order of confirmation may be entered.

Dated: Harrison, New York
October 18, 2017

                                      Respectfully submitted,

                                      BRONSON LAW OFFICES PC

                                      By: /s/H. Bruce Bronson, Esq.
                                      480 Mamaroneck Ave.
                                      Harrison, NY 10528
                                      914-269-2530
                                      Email:hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:                                                                      Chapter 11

**CRYSTAL GLASS SERVICES RE, INC.**            17-22076 (RDD)

                       Debtor.

---------------------------------------------------------------x

**APPLICATION FOR (I) CONFIRMATION OF A CHAPTER 11 SMALL BUSINESS PLAN AND (II) FOR SUCH OTHER AND FURTHER RELIEF AS IS JUST AND <u>PROPER</u>**

**TO: THE HONORABLE ROBERT D. DRAIN**
    **UNITED STATES BANKRUPTCY JUDGE:**

CRYSTAL GLASS SERVIES RE, INC., the debtor and debtor in possession (the "**Debtor**"), through its counsel, Bronson Law Offices, P.C., moves to (i) confirm a Chapter 11 Small Business Plan (the "**Plan**") a copy of which is annexed hereto as **Exhibit A**; and (ii) for such other and further relief as is just and proper, and in support thereof respectfully represents and sets forth as follows:

1. On January 21, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "**Bankruptcy Code**").

2. No chapter 11 trustee or examiner has been appointed in the Debtor's case.

3. Since the filing, the Debtor has operated as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. No official committee of unsecured creditors has been formed. No trustee or examiner has been appointed.

3

5. The Debtor is a small business as that term is defined in section 109 of the Bankruptcy Code.

6. The Debtor was a single asset real estate company which owned the property located at 68 Runyon Avenue, Yonkers, NY (the "**Property**").

7. On or about September 27, 2017 the Debtor sold the Property to CGSRE Acquisition Corp. ("CGSRE") for $500,000, of which $425,334.25, was utilized to pay secured parties amounts owed to them.

8. No legal fees or broker's commissions were paid by Debtor.

9. Counsel to Debtor is holding approximately **$74,665.75** in escrow, pending the confirmation of the Plan, at which time all unsecured claims will be paid.

10. Reserve for administrative costs will be held in escrow by counsel until final operating reports are filed and counsel's fees have been approved. The balance, if any, will be released to the Jim Harte, the sole shareholder of Debtor as a liquidating distribution.

11. The Debtor does not expect to expunge any claims; however, reserves the right to do so.

12. The Plan is not contingent upon the Debtor continuing business.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) in that it is a matter concerning the administration of a bankruptcy estate. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for relief sought herein are §§ 105(a) and 365(d)(4) of the Bankruptcy Code.

14. The Debtor is current with all its obligations and is in the process of filing all of its operating reports so that it will be up to date.

15. On October 18, 2017, Debtor timely filed a Plan of Reorganization.

16. By this Application, the Debtor seeks an order of this Court confirming the Debtor's Plan of Reorganization, and granting such other, related relief as may be appropriate or desirable.

17. The Plan is simple and straightforward. It is fair and equitable, providing for payment in full to all creditors with allowed claims on the effective date of the Plan.

18. Funds representing any disputed claims will be reserved until such claims are resolved.

19. The Plan complies with the provisions of 11 U.S.C. §§ 1121 through 1129.

    Specifically:

    (A) The Plan and the Debtor have complied with the applicable provisions of the Bankruptcy Code.

    (B) The Plan has been proposed in good faith and not by any means forbidden by law.

    (C) Any payment made or to be made by the proponent, by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.

    (D) The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the Debtor, participating in a

joint plan with the debtor, or a successor to the Debtor under the plan; and the appointment to, or continuance in, such office of such individual is consistent with the interest of thee creditors and equity security holders and with public policy; and the proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor a, and the nature of any compensation for such insider.

(E) With respect to each class of claims or interests--
   i. Such class has accepted the Plan; or
   ii. Such class is not impaired under the Plan.

(F) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provided that—
   i. With respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;
   ii. With respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 707(a)(7) of this title, each holder of a claim of such class will receive cash payment of the Allowed Claim in full on the Effective Date.

(G) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor or any successor to the debtor under the Plan.

(H) All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

(I) All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

20. Notice of this Application has been served upon the Debtor, all creditors, all parties who have filed a notice of appearance, and the Office of the United States Trustee.

21. No previous application for the relief sought herein was sought from this, or any other Court.

22. Because the issues presented do not present novel issues of law or fact, it is respectfully requested that this Court waive the requirement for the filing a memorandum of law.

23. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court grant the relief requested herein and confirm the Debtor's Plan and grant such other and further relief as is just, proper and equitable under the circumstances.

Dated: Harrison, New York
October 18, 2017

Bronson Law Offices, P.C.
480 Mamaroneck Ave.
Harrison, NY 10528

By:/s/*H. Bruce Bronson*
H. Bruce Bronson