UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              Chapter 11

CRYSTAL GLASS SERVICES RE, INC.                     Case No.: 17-22076 (RDD)

                          Debtor.

---------------------------------------------------------------x

**ORDER (A) DETERMINING THAT THE DEBTOR'S CHAPTER PLAN PROVIDES ADEQUATE INFORMATION AND THAT A SEPERATE DISCLOSURE STATEMENT IS NOT NECESSARY, PURSUANT TO 11 U.S.C. § 1125(f)(1); (B) APPROVING SMALL BUSINESS CHAPTER 11 PLAN; AND (C) APPROVING AND DIRECTING CERTAIN <u>PAYMENTS BY DEBTOR FROM ESCROW</u>**

        CRYSTAL GLASS SERVICES RE, INC., the debtor and debtor in possession herein (the "Debtor"), having sought, pursuant to 11 U.S.C. §§ 1129 and 1125(f)(1), confirmation of its Chapter 11 Small Business Plan of Reorganization, dated October 18, 2017, a copy of which is attached as an exhibit hereto (the "Plan"), as well as approval of the Plan as the disclosure statement therefor; and the Debtor having transmitted due and sufficient notice of such request and notice of the hearing thereon to creditors and interested parties as reflected in the Certificate of Service filed as Dkt. No. 77; and there being no objections to confirmation of the Plan or to approval of the Plan as the disclosure statement therefor; and it appearing that there were no impaired classes entitled to vote to accept or reject the Plan; and upon the record of the hearing held by the Court on November 22, 2017 (the "Hearing"); and the Court having found and concluded, after due deliberation, that the requirements set forth in 11 U.S.C. § 1129(a) for confirmation of the Plan have been satisfied, and that the Plan contains adequate information for purposes of 11 U.S.C. § 1125 and that it can serve as the Debtor's disclosure statement for the Plan under 11 U.S.C. § 1125(f)(1); and the Court also having determined to direct the payment

1

from escrow of the sale proceeds as provided herein, in performance of the Plan; and good cause appearing therefor, it is hereby

**ORDERED,** that

1. The Debtor's Plan provides adequate information for purposes of 11 U.S.C. § 1125, and a separate disclosure statement is not necessary, pursuant to 11 U.S.C. § 1125(f)(1).

2. The Plan is confirmed under 11 U.S.C. § 1129, and all of its provisions are approved.

3. In furtherance of the Plan, the Debtor's counsel is authorized and directed to pay, forthwith, the following from his escrow account, which as of the date of the Hearing contained $74,665.75 of the Debtor's funds:

   A. To the United States Trustee's Office, $6,175;

   B. To Bronson Law Offices, P.C., $26,505.92, which is the amount of legal fees and expenses awarded less the retainer of $1,000, previously received by counsel;

   C. To New York State Department of Taxation and Finance (the "Department"), $8,000, with $21,260.19, to continue to be held in escrow by the Debtor's counsel pending the Debtor's sole shareholder negotiating with the Department to lower the amount due that is set forth in the proof of claim filed by the Department in this case (POC No.:3-1 (the "Claim")). If the allowed amount of the Claim is determined to be less than $29,260.19 by agreement of the parties, the agreed amount shall be paid to the Department from the escrow promptly after notification in writing to the Debtor's counsel of such agreement, and the difference shall be remitted to the Debtor's sole shareholder; <u>provided</u>, that **if (1) no agreement is reached <u>within</u>**

**60 days from the date of this Order,** (2) such deadline is not extended by the parties in writing to counsel for the Debtor, or by an order of the Court for cause shown, or (3) the Debtor does not file an objection to the Department's claim in this Court **by the expiration of such deadline,** counsel for the Debtor shall pay the sum of $21,260.19 from the escrow to the Department; and

      D.      The balance of $12,724.64 as of the Hearing, to the Debtor's sole shareholder.

4.      The Debtor (including its counsel as escrow agent) is authorized and directed to promptly perform its obligations and duties under the Plan without the need for further order or direction.

5.      Counsel for the Debtor, or the Debtor, shall cause a Final Report and a motion to close this case under 11 U.S.C. § 350(a) and entry of a Final Decree to be filed promptly after the substantial consummation of the Plan and shall file a quarterly report, with a copy e-mailed to Chambers, of the Debtor's progress to completing performance of the Plan, pending such substantial consummation.

6.      The Court reserves post-confirmation jurisdiction to the extent set forth in Article VIII of the Plan.

Dated: White Plains, New York
       November 27, 2017

                      /s/Robert D. Drain
                      HONORABLE ROBERT D. DRAIN,
                      UNITED STATES BANKRUPTCY JUDGE